AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY   22-cv-22058-WPD

| United States District Court | District | Southern District of Florida (Miami) | |
|---|---|---|---|
| Name *(under which you were convicted)*:<br>Danny Angel Rodriguez | | | Docket or Case No.:<br>1:17-cr-20904-CMA-1 |
| Place of Confinement:<br>USP Lee, P.O. Box 305, Jonesville, VA 24263 | | Prisoner No.:<br>48128-004 | |
| UNITED STATES OF AMERICA<br><br>v. | | Movant *(include name under which convicted)*<br><br>DANNY ANGEL RODRIGUEZ | |

## MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    U.S. District Court
    Southern District of Florida
    Miami Division

    *[FILED BY ___ D.C.*
    *JUL 0 5 2022*
    *ANGELA E. NOBLE*
    *CLERK U.S. DIST. CT.*
    *S. D. OF FLA. - MIAMI]*

    (b) Criminal docket or case number (if you know):  1:17-cr-20904-CMA-1

2.  (a) Date of the judgment of conviction (if you know):  6/24/2019

    (b) Date of sentencing:  6/10/2019

3.  Length of sentence:  400 Months

4.  Nature of crime (all counts):

    Conspiracy to possess with intent to distribute a controlled substance and controlled substance analogues, in violation of 21 U.S.C. § 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); possession with intent to distribute a controlled substance analogue, in violation of 21 U.S.C. §§ 802(32)(A), 841(a)(1), 841(b)(1)(C), and 813; possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2; and money laundering, in violation of 18 U.S.C. § 1957.

5.  (a) What was your plea?  (Check one)
    (1) Not guilty ☐      (2) Guilty ☑      (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    Rodriguez pled guilty to Counts 1 through 24 of the Superseding Indictment.

6.  If you went to trial, what kind of trial did you have?  (Check one)      Jury ☐      Judge only ☑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☑      No ☐

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?     Yes ✔     No ☐

9. If you did appeal, answer the following:

   (a) Name of court:   United States Court of Appeals for the Eleventh Circuit

   (b) Docket or case number (if you know):   19-12451-CC

   (c) Result:  Affirmed

   (d) Date of result (if you know):   12/20/2021

   (e) Citation to the case (if you know):   USA v. Daniel A. Rodriguez, No. 20-10563 (11th Cir. 2021)

   (f) Grounds raised:

   Rodriguez appealed his conviction and his 400-month sentence for conspiracy to possess with intent to distribute a controlled substance and controlled substance analogues, in violation of 21 U.S.C. § 846, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), possession with intent to distribute a controlled substance analogue, in violation of 21 U.S.C. §§ 802(32)(A), 841(a)(1), 841(b)(1)(C), and 813, possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2, and money laundering, in violation of 18 U.S.C. § 1957. Rodriguez raised eleven issues on appeal.

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ✔     No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know):  No. 21-6630

      (2) Result:  Denied

      (3) Date of result (if you know):  4/18/2022

      (4) Citation to the case (if you know):   Daniel A. Rodriguez v. United States, No. 21-6630 (S.Ct. 2022)

      (5) Grounds raised:

      Appeal No. 19-12451: If a plea waived Appellant's rights to challenge recusal.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐     No ✔

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:

       (2) Docket or case number (if you know):

       (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court: _____

    (2)  Docket of case number (if you know): _____

    (3)  Date of filing (if you know): _____

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:    Yes ☐    No ☐

    (2)  Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**   Ineffective Assistance of Counsel

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Appendix A.

*See Pages 1-15 herein*

(b)  **Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
     Yes ✔     No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

It was raised in part, but the Court did not reach its merits. More so, claims of ineffective assistance of counsel are not generally raised on direct appeal.  Deferred to § 2255

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
     Yes ☐     No ✔

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?
     Yes ☐     No ☐

AO 243 (Rev. 09/17)

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**  Whether the District Court Was Prejudicial When It Mandated a Filing Restriction Against Pro Se Petitioner

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**See Appendix B.**

See Pages 16-18 herein

    (b) **Direct Appeal of Ground Two:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☑     No ☐

AO 243 (Rev. 09/17)

    (2)  If you did not raise this issue in your direct appeal, explain why:

---

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

---

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

---

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:**   Whether the Government Coerced Rodriguez to Plead Guilty

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**See Appendix C.**

See Pages 19-20 herein

(b) **Direct Appeal of Ground Three:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

Appellant counsel failed to do so.

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**   Whether Cumulative Errors, Multiple Errors Effect to Prejudice

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**See Appendix D.**

See Pages 21-22 herein

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

Appellant counsel failed to do so.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?
      Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?
      Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.   Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

AO 243 (Rev. 09/17)

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the
you are challenging?        Yes ☐         No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
issues raised.

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the
judgment you are challenging:
(a)  At the preliminary hearing:

(b)  At the arraignment and plea:

(c)  At the trial:

(d)  At sentencing:

(e)  On appeal:

(f)  In any post-conviction proceeding:

(g)  On appeal from any ruling against you in a post-conviction proceeding:

16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
and at the same time?        Yes ☐         No ☑

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?        Yes ☐         No ☑
(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed:
(c)  Give the length of the other sentence:
(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
sentence to be served in the future?        Yes ☐         No ☐

) 243 (Rev. 09/17)

18.   **TIMELINESS OF MOTION**: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N / A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
    (1)   the date on which the judgment of conviction became final;
    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, Rodriguez respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, and expand the record <u>see conclusion on page</u>. **23 herein**

Respectfully submitted,

DANNY ANGEL RODRIGUEZ
REG. NO. 48128-004
USP LEE
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA 24263
Appearing *Pro Se*

### DECLARATION OF DANNY ANGEL RODRIGUEZ

I, Danny Angel Rodriguez, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: June 27, 2022

DANNY ANGEL RODRIGUEZ

## **APPENDIX A:**
**"Ground One: Ineffective Assistance of Counsel"**

**Counsel of record was constitutionally ineffective,** *Lee v. United States*, **137 S. Ct. 1958 (2017).**

<u>**Issue 1:**</u>

Counsel Ana M. Davide ("Davide"), was ineffective for wrongly assuring and advising Rodriguez that entering into a plea of guilt would not waive his ability to appeal any issue on appeal. See Doc. 701,[1] <u>Affidavit (attached) at Exhibit A, page . 25</u> Yet on appeal, the Eleventh Circuit held that "by pleading", Rodriguez waived his right to appeal recusal and suppression. In *United States v. Pierre*, 120 F.3d 1153, 1155. (11th Cir. 1997), the Court held that if a Defendant believed he entered into a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2), but for some reason the Appellant's issues has not been properly preserved, then the plea has not been entered voluntarily and knowingly. In *Pierre*, the Defendant did not obtain Government consent to enter a conditional plea and the provision of the conditional plea were not reduced to writing as required by Rule 11(a)(1). *Id*. Thus, the Court held that because the Defendant did not appreciate the consequence of his plea, the Judgment must be vacated and remand the case to enable the Defendant to replead.

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Southern District of Florida, Miami Division in Criminal No. 1:17-cr-20904-CMA-1, which is followed by the Docket Entry Number.

(2)

In this case, when recusal issue was first learned by Rodriguez and his attorneys, he informed the Court that he never waived recusal. Ultimately, the recusal issue was amongst Rodriguez's reasonings for moving to proceed *pro se*, despite having retained four (4) attorneys. See Docs. 340, 608 at 12.

As *In re: Jenkins*, Petitioner did not appreciate the consequences of what he was led to believe was a conditional plea.

Ultimately Counsel proved ineffective for being ignorant to the Conditional Plea requirements Pursuant to Fed. R. Crim. P. 11 (a). Which resulted in prejudice, by leading Rodriguez to believe that all his issue's were preserved for appeal. See Exh A. P9 25 attached affidavit or at Doc. 701. Hinton v. Alabama, 571 U.S. 263 (2014). In the alternative, Counsel was ineffective for failing to investigate and understanding the need to file to recuse a bias District Judge, who had previously recused from presiding against Rodriguez due to an extra judiciary conflict, prior to dragging Rodriguez into a coerced, uninformed and involuntary Change of Plea.

**Issue 2:**

Counsel Ramon Arturo Hernandez ("Hernandez"), was ineffective for failing to move to suppress Title 3 Wiretaps, despite telling Rodriguez that he had filed it. While Rodriguez was relentless in asking Hernandez to file Motion to Suppress Title 3 Calls– Audio Call and Documentary Evidence, in support preserved for hearing.

( 3 )

Post plea of guilt, Rodriguez learned that Hernandez lied about having filed motion to suppress Title 3 calls. This was ineffective because the Title 3 calls were the entirety of the Government's evidence against Rodriguez. Hernandez also failed to request Title 3 discovery. Had Hernandez reviewed Title 3 Affidavit, he would have known that the statements were knowingly false and were a reckless disregard for its truth. Without these false statements, there existed no probable cause. Hernandez failed, a constitutional mandate that a hearing be held– failing to request a *Franks* Hearing. Rodriguez has the Fourth and Fourteenth Amendment rights to challenge the truthfulness of factual statements made in the affidavit supporting a warrant. See *Franks v. Delaware*, 438 U.S. 154 (1978). The Court, in *Jones v. United States*, 224 F.3d 1251 (11th Cir.2000), held that the defendant's counsel was ineffective in failing to object to wiretap evidence. In *Green v. Nelson*, 595 F.3d 1245 (11th Cir. 2010), the Court held that a defendant's counsel's decision not to file motion to suppress based on a misunderstanding of facts is not a valid strategic decision that is immune from an ineffective claim.

A defendant may raise an ineffective assistance of counsel claim focusing on the attorney's failure to file a motion to suppress even if the defendant entered a guilty plea. See *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1348 (11th Cir. 2015). Hernandez's failure to move to suppress Title 3 warrant is ineffective

( 4 )

assistance. See *Smith v. Wainwright*, 777 F.2d 609 (11th Cir. 1985). In *Huynh v. King*, 95 F.3d 1052, 1060 (11th Cir. 1996), the Court held that defendant received ineffective assistance counsel because of his failure to file a suppression motion in a timely manner. See Docs. 246 at 4 and 340. See *Gentry v. Sevier*, 597 F.3d 838 (7th Cir. 2010), where counsel's failure to object to suppressible evidence was unreasonable because agents clearly violated defendant's Fourth Amendment right.

**Issue 3:**

Counsels Davide and Hernandez were ineffective at storage unit suppression hearing for:

a)   Failing to impeach key witness whose testimony changed from the statements he provided counsel just the day prior to hearing, where he admitted to having breached attorney-client privilege. See Doc. 658, Attorney Affidavits.

b)   The failure to understand the law and circuit precedence under Doctrine of Apparent Authority. As counsel(s)' failed to raise prevailing objections, which would have produced a different result. Because evidence proved that third-party consent was invalid– due to search and seizure of storage unit was without consent, thus, unlawful and unconstitutional. Here, the Doctrine of Apparent Authority did not apply to third-party consenter. Being that the Apparent Authority Rule requires that consenter have:

1.   Joint access of property, or
2.   Control of property, or
3.   Mutual use of property.

( 5 )

In this case, the third-party consenter had no access, control, use, or even knowledge of the property. See *United States v. Matlock*, 415 U.S. 164 (1974). Further, the good faith exception does not apply to a warrantless search. See *McGough*, 412 F.3d 1232, 1239-40 (11th Cir. 2005).

    c)    Hernandez was ineffective for not stopping his cross-examination of witness whose testimony to him [Hernandez] the day before was wholly different. As counsel then became a material witness.

The Court held that failure to properly impeach witness was ineffective assistance where glaring and crucial discrepancies existed in witness testimony. See *Nixon v. Newsome*, 888 F.2d 112 (11th Cir. 1989). In *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983), the Court held that counsel's failure to impeach witness with prior inconsistent statements was ineffective assistance.

Rodriguez avers that the search and seizure was illegal and unconstitutional because no probable cause existed.

**Issue 4:**

Davide was ineffective for coercing Rodriguez to plead guilty. Especially, under the money laundering counts pursuant to 18 U.S.C. §§ 1956 and 1957, where the evidence is clear that Rodriguez's conduct did not satisfy the statutory elements

of said offenses. And, where circuit precedence is clear that appellant's conduct was

not a statutory federal crime.

a)   Count 2: Pursuant to 18 U.S.C. § 1956, the courts have held that the concealment element must exist for the conviction to be valid. See *United States v. Puentes-Hurtado*, 794 F.3d 1278 (11th Cir. 2015); and *United States v. Cifuentes-Cuero*, 808 F. App'x 771, 775 (11th Cir. 2020). Rodriguez avers that change of plea colloquy [Doc. 184] and Factual Proffer [Doc. 166] were without the required concealment element. Further, no evidence was provided to the Court where the Court make a finding to satisfy the concealment element pursuant to 18 U.S.C. § 1956(a)(1)(B)(i). It is essential to note that Rodriguez's co-defendant's Factual Proffer did contain the required concealment element. See Doc. 44 at 2. Also, Count 2 caused a collateral consequence due to unlawful forfeitures and the consecutive sentence attached. The courts hold that forfeitures are only proper when funds commingled to facilitate or disguise an illegal scheme. See *U.S. v. Puche*, 350 F.3d 1137 (11th Cir. 2003) accord. *U.S. v. Seher*, 562 F.3d 1344 (11th Cir. 2009).

b)   Counts 21 through 24, pursuant to 18 U.S.C. § 1957: the statute and circuit precedence require that the transaction exceed $10,000. The Eleventh Circuit, *In Re: Jenkins*, held that applying the Rule of Lenity, that the Court would construe the statute as applying (only) to transactions which themselves involve more than $10,000. See *United States v. Jenkins*, 58 F.3d 611. (11th Cir. 1995). Here, Rodriguez outlines that Davide's misunderstanding of the law led to his uninformed plea of guilt: As Rodriguez's actual case conduct was not a statutory federal crime under 18 U.S.C. § 1957.

Moreover, Davide was ineffective for waiving money laundering objections

despite Rodriguez's and his parents' opposition. Ironically, the government at

( 7 )

Forfeiture hearing stipulated that the monies once alleged to have belonged to Rodriguez's conspiracy where actually funds given and loaned by his father. See Docs. 579 at 17-18, 570. Davide's reason to waive the money laundering defense was because she claimed those money laundering counts did not expose Rodriguez to a greater sentence– that they would run concurrent to other counts in the indictment. Ultimately, Rodriguez received a consecutive sentence for money laundering counts. Consecutive sentence resulted in a *Strickland*-prejudice because it amounted to additional jail time, therefore, holds a Sixth Amendment significance. See *Lafler v. Cooper*, 566 U.S. 156, 132 S. Ct. 1376 (2012). Note: Supporting documentation for hearing.

In *Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974), the Court held that attorney's failure to advise defendant that the conduct alleged did not constitute a crime render the guilty plea unknowingly and involuntary. Also, see *In re: Jenkins*, where counsel knew or should have known that Petitioner's case-conduct was not a chargeable offense. In *Sawyer v. Whitley*, 505 U.S. 333 (1992), the Court held that a miscarriage of justice applies where the defendant is actually innocent of the crime of which he was convicted or the penalty which was imposed. In *Class v. United States*, 138 S. Ct. 798, 200 L. Ed. 2d 37, 27 Fla. L. Weekly Supp. 60, 86 U.S.L.W. 4055 (2018), the Court held that a guilty plea to a charge does not waived claim that,

( 8 )

judged on its face, the charge is one which the government may not constitutionally prosecute. In *United States v. Bankston*, 820 F.3d 215 (6th Cir. 2016), the Court held that counsel's failure to object to or move to dismiss count against defendant was ineffective assistance. Also, counsel's ignorance of the law qualified as ineffective assistance of counsel. See *Hinton v. Alabama*, 571 U.S. 263 (2014).

Also, appellate Counsel was ineffective, for failing to investigate: And realizing that Rodriguez was actually innocent. As the aforementioned argument would have prevailed on direct appeal.

**Note:** None of Counts 21 through 24 were of a transaction that themself involved more than $10,000. *In re: Jenkins*.

**Issue 5:**

Davide was ineffective for failing to present exculpatory evidence provided by Court-approved laboratory [Doc. 83-84]. These lab results directly impeach the government's own lab results. Davide's failure to impeach the government's lab results at evidentiary hearing, despite Rodriguez's family's spending $30,000 on two experts, was ineffective. And among Rodriguez's reasons to proceed *pro se*. See Docs. 279 at 9-12, 340, 477 at 87, 264 at 5, 264-1 at 85, 455 at 9-14 and 20.

This failure by Davide substantially increased Rodriguez's sentencing exposure. In *Canneday v. Adams*, 706 F.3d 1148 (9th Cir. 2013), the Court held that

( 9 )

counsel was ineffective for failing to introduce evidence. In *Brownlee v. Haley*, 306 F.3d 1043 (11th Cir. 2002), the Court held that counsel was ineffective for failing to investigate or present mitigating evidence.

### Issue 6:

Counsel Davide was ineffective for concurring with the Federal Bureau of

Prisons ("BOP") documented assurance that Rodriguez was entitled to over-served jail credits from Case No. 94-402-PROPCT. Rodriguez having directly informed Davide that if he was not entitled to said jail credits that he would not, under any circumstances, plead guilty. Yet, once Rodriguez was in BOP custody, the BOP refused to apply the over 10 years of jail credits to new commitment (Case No. 1:17-cr-20904-CMA-1). Davide's ignorance of 18 U.S.C. § 3585(b) prejudiced Rodriguez. See *Moore v. Bryant*, 348 F.3d 238 (7th Cir. 2003); See West. Dist. Virg. Case No. 7:20-cv-194, DE 13 Exhibits (Counsel Affidavit); **See supporting affidavits (attached) at Exhibit B, pages 26 - 27.**

### Issue 7:

Counsel Davide was ineffective for telling Rodriguez that by rejecting the plea offer of 12 years, that he would receive a lesser sentence. This was a coercive tactic

( 10 )

as Davide was ignorant to Rodriguez's sentencing exposure. In *U.S. v. Herrera*, 412 F.3d 577 (5th Cir. 2005), the Court held that counsel's failure to understand sentencing Guidelines was ineffective because counsel underestimated sentencing exposure. See *U.S. v. Booze*, 293 F.3d 516 (D.C. Cir. 2002), holding that counsel was ineffective for incorrectly estimated likely sentence due to ignorance of applicable laws. See Doc. 658.

**Issue 8:**

Davide was ineffective for failing to ask the Court, at the November 2018 Hearing [Doc. 208], to apply the new sentencing guidelines amendment effective November 1, 2018 and earlier. See USSG §§ 2D1.1(E)(i) and (ii). These applicable amendments would have substantially lowered Rodriguez's sentencing exposure. Davide's failure to timely notify the Court foreclosed Rodriguez from arguing these mitigating amendments. Being that once Rodriguez was allowed to proceed pro se. See Doc. 341. The District Court prohibited Rodriguez from arguing new sentencing issues. See Doc. 343. Rodriguez was prejudiced. See Doc. 357. In *Stankewitz v. Wong*, 698 F.3d 1163 (9th Cir. 2012), the Court held that counsel's failure to investigate mitigating evidence prior to sentencing was ineffective assistance of counsel.

(11)

**Issue 9:**

Counsel Davide was ineffective for assuring Rodriguez that regardless a plea, they would still be able to challenge that ADB-FUBINACA was not an analogue to a controlled substance. Davide even had Rodriguez's parents retain an Expert witness to attest that ADB-FUBINACA was not an analogue to any controlled substance. Expert costed Rodriguez's parents $20,000. See Doc 658; Also documentary evidence preserved.

It was not until status conference hearing, post-plea, that Davide and Rodriguez learned (in open court), that plea waived Rodriguez's ability to make this challenge. See Docs. 211 at 39-44, 340. Being that Rodriguez maintained that he was innocent, Davide's ignorance to what the plea would waive was highly prejudicial as Rodriguez would not have plead guilty.

In *Lee v. United States*, 2017 U.S. LEXIS 4045 (2017), the Court held that it makes no difference whether the defendant could not have won at trial, all that is required to prove is prejudice that the defendant would have gone to trial rather than plead guilty. In *Yordan v. Dugger*, 909 F.2d 474 (1990), the Court held that inaccurate advise about the consequences of a plea is ineffective assistance of counsel.

( 12 )

## Issue 10:

Davide was ineffective for assuring Rodriguez that he would receive a sentence reduction for his extensive cooperation, adding that government was very pleased with his assistance. Davide asserted that by entering into a plea of guilt, that Rodriguez's sentence would be less than 12 years the government initially offered; that he would receive jail credits from previous incarceration; plus a 3-point reduction for acceptance of responsibility; along with a Rule 35 deduction. These affirmative representation coerced Rodriguez to forego trial– as he was deluded to believe he would walk-out (go home) at sentencing. See Doc. 658.

Case evidence proves that counsel was constitutionally ineffective for not memorializing assurances prior to instructing Rodriguez to plead guilty,[2]. See *Betancourt v. Willis*, 814 F.2d 1546, 1549 (11th Cir. 1987). It is important to note that Rodriguez was vociferous and adamant about going to trial - in fact, just days before "change of plea" hearing, Rodriguez's parents paid another attorney for trial ($25,000). Had it not been for Davide's coercive tactic, and reckless representation, Rodriguez would have exercised his right to a jury trial.

---

2. Its important to note that Rodriguez would not have continued debriefing (post plea) had he known counsel had deluded him into believing an agreement was in place.

( 13 )

In *U.S. v. Estrada*, 849 F.2d 1304 (10th Cir. 1988), the Court held that allegation that plea was the result of coercion pressure moments before plea hearing warrants an evidentiary hearing.

In *Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975), the Court held that allegations accompanied by credible affidavit that raise a substantial inference that an unkept bargain was made warranted an evidentiary hearing. In *U.S. v. Buckles*, 843 F.2d 469 (11th Cir. 1988), the Court held where "fair and just reasons" exist a hearing should be held.

In *U.S. v. Arteca*, 411 F.3d 315 (2d Cir. 2005), the Court held that ineffective assistance during plea negotiations can support withdrawal of plea if counsel's deficient performance undermined voluntary and intelligent nature of defendant's decision to plead guilty. In *U.S. v. Hogan*, 453 F. App'x 247 (3d Cir. 2011), the Court held that a defendant is permitted to withdraw a plea based on ineffective assistance of counsel only upon showing that his attorney's advise was under all the circumstances unreasonable under prevailing professional norms and that he suffered sufficient prejudice from his counsel's errors. In *United States v. Hunter*, 835 F.3d 1320 (11th Cir. 2016), the Court held that the government is bound by any material promise it makes the defendant as part of a Plea Agreement that induces the defendant to plead guilty. Whether the government violated the agreement is judged

according to the defendant's reasonable understanding at the time he or she enter the plea.

Rodriguez would not have plead guilty if not for counsel's affirmative misinterpretations. See Doc. 340, <u>See Doc. 340. Page 1. Also, See Doc. 658.</u>

## **APPENDIX B:**
**"Ground Two: Whether the District Court Was Prejudicial When it Mandated a Filing Restriction Against *Pro Se* Petitioner and abused it's discretion"**

**The District Court was prejudicial when it mandated a filing restriction against *pro se* Petitioner. And abused its discretion.**

Two days after Rodriguez was permitted to proceed *pro se* [Doc. 341], the Court issued Order restricting *pro se* Defendant from filing any motions or objections. Effectively prohibiting Petitioner form redressing his reasonings for having to proceed *pro se*. As a result of the Court's unconstitutional Order [Doc. 343], the Court arbitrarily, summarily and categorically denied all *pro se* filings. Leaving defendant to file merely to preserve the record.

The Court, as a result, erred in denying motions that by rule required a hearing.

a)   Recusal Affidavit Pursuant to 28 U.S.C. § 144 [Doc. 456]; and
b)   Motion to Withdraw Plea Supported by Affidavits, Audio and Documentary Evidence [Doc. 340]. [3].

The Court's filing restriction was unconstitutional as it foreclosed Rodriguez from presenting a defense, which was prejudicial. As well foreclosed his ability to file to suppress Title 3 Calls.

---

3. The court advised Rodriguez "that if the sentence imposed was harsher than you expected, you will still be bound by your guilty plea and you will not be able to withdraw it." Doc. 184, Pg. 12. Rodriguez was not told that he would not be able to withdraw his plea before sentencing if he discovered that counsel had grossly misled him. Rodriguez was told he could not be permitted to withdraw the Plea (after) sentencing. Rodriguez moved to withdraw his coerced, uninformed and involuntary Plea many times prior to sentencing. See Doc. 264, 301, 311, 340, 431

Where also, the Court ONLY allowed Rodriguez to proceed *pro se* if he would not file for a Motion for a Continuance [Doc. 374]. By not allowing Rodriguez to prepare for sentencing phase, the Court's prejudice rendered Rodriguez's defense ineffective.

The District Court did not have the authority or jurisdiction to accept guilty plea on counts 2 and 21 through 24 because Rodriguez's conduct was not a statutory federal crime. This is a *Strickland*-prjudice as it resulted in additional jail time. District Court's filing restriction mandate further prevented Rodriguez from asking the District Court to apply applicable amendments USSG §§ 2D1.1(E)(i) and (ii).

Further, the District Court violated Rule 11 (b) (3) Fed. R. Crim. P. requirements by accepting   a change of plea without a factual basis. See Appendix A , pages 5-7 (issue 4) The court lacked subject matter jurisdiction to accept Plea of guilt and impose   sentence. As neither the  factual proffer, nor the Plea colloquy explained the elements of the money laundry  counts against Rodriguez. United States   v. James, 210 F. 3d 1342 (11th Cir 2000).

In summary, the District Court had a duty at the very least to conduct a hearing.

( 18 )

## APPENDIX C:
### "Ground Three: Whether the Government Coerced Rodriguez to Plead Guilty"

( 19 )

**The government coerced Rodriguez to plead guilty.**

The government emailed counsel on the eve of Change of Plea, that if Rodriguez plead guilty, they would stop their investigation into indicting Rodriguez's father. Here, the government threaten to prosecute third party in order to induce Rodriguez to plead guilty. The government's threat was without probable cause.

In *Martin v. Kemp*, 760 F.2d 1244 (11th Cir. 1985), the Court held that the plea was coerced base on threat of prosecution of third party, and warranted an evidentiary hearing, where the record demonstrated a lack of probable cause to charge third party. In *United States v. Nuckols*, 606 F.2d 566 (5th Cir. 1979), the Court held that threatening prosecution of a third party family member is not itself legally wrong, it is the threat of prosecution, in the absence of probable cause, that is unlawful.

**Note:** Communication, in support, from the prosecutor to Davide – who copypasted the prosecutor's email to Rodriguez. This communication is preserved as evidence.

This matter was amongst the reasonings that lead to coerced plea of guilt.

( 20 )

## APPENDIX D:
**"Ground Four: Whether Cumulative Errors, Multiple Errors Effect to Prejudice"**

( 21 )

**Whether cumulative errors, multiple errors effect to prejudice**

Rodriguez has demonstrated sufficient prejudice from his counsels' individual errors in his claims of ineffective assistance of counsel. Counsel made multiple errors as opposed to a single error. The cumulative effect of such errors should be considered collectively to determine prejudice based upon reasonable probability that absent counsel's errors, the outcome of the proceedings would have been different. Here, the various errors, both individually and collectively were not harmless. The combine effect of individual errors denied Rodriguez a trial in accordance with traditional and fundamental standards of due process and deprived him of a fair trial. The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal. The errors committed in Rodriguez's case are sufficiently egregious and prejudicial and demands reversal.

## CONCLUSION

Herein, *pro se* Petitioner brings forth a basket of substantially determinative issues. All of which individually and cumulatively demonstrate prejudice.

The record proves that Rodriguez did not appreciate the consequences of his change of plea. By all standards, his plea was coerced, uninformed, and involuntary.

For the above and foregoing reasons, Rodriguez's sentence should be vacated so that he can plea anew, or be resentenced. In the alternative, it is respectfully requested that the Court hold an evidentiary hearing so that Rodriguez may further prove his meritorious grounds for relief, resolve facts in dispute and expand the record.

Rodriguez will not ask for appointment of counsel. Therefore, being that the Institution where Petitioner is incarcerated is constantly on lockdown, he asks that, in fairness, a writ be filed for his presence at FDC Miami– this will allow him to prepare his defense moving forward. Rodriguez will represent himself in this matter, and throughout all phases of this process.

Respectfully submitted,

Dated: June 27, 2022

DANNY ANGEL RODRIGUEZ
REG. NO. 48128-004
USP LEE
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA  24263
Appearing *Pro Se*

( 23 )

## EXHIBIT A:

**i.e. Affidavit, also at Doc. 701**

## - AFFIDAVIT OF ANA M. DAVIDE, Esq.-

**STATE OF FLORIDA**        :
**COUNTY OF MIAMI-DADE :**

     **BEFORE ME,** the undersigned authority, personally appeared, **ANA M. DAVIDE, Esq.,**

who after being duly sworn, deposes and says as follows:

     I was one of the trial attorneys representing Daniel Angel Rodriguez in Case No. 17-CR-

20904-UU pending in the United States District Court for the Southern District of Florida.

     At the time Mr. Rodriguez took the plea, I advised him as legal counsel that he would be

able to appeal all the issues regarding his case, including all pretrial motions. There was never a

discussion as to whether or not the plea was conditional or non-conditional, but it was clear to Mr.

Rodriguez, the prosecutor, myself, and the court that all pretrial issues decided against Mr.

Rodriguez would be permitted to be appealed to the appellate court.


     **FURTHER AFFIANT SAYETH NAUGHT**



                                                    ANA M. DAVIDE

**STATE OF FLORIDA**        :
**COUNTY OF MIAMI-DADE :**

     On this day, before me, an officer duly authorized to administer oaths and take
acknowledgments, personally appeared, **ANA M. DAVIDE**, who is personally known to me, and
after being duly sworn, she acknowledged that she is the person described in and who executed
the foregoing Affidavit, and that its contents are true and correct.

     Witness my hand and official seal in the County and State last aforesaid this _18_ day of
_August_, 2021

Notary Public State of Florida
Vivian M York
My Commission HH 086468
Expires 02/03/2025

                                Notary Public - State of Florida

                                VIVIAN M. YORK
                                Printed Name of Notary Public

My commission expires:

# **EXHIBIT B:**

**i.e. Affidavits**

## - AFFIDAVIT OF ANA M. DAVIDE, Esq.-

**STATE OF FLORIDA** :
**COUNTY OF MIAMI-DADE :**

BEFORE ME, the undersigned authority, personally appeared, ANA M. DAVIDE, Esq.,

who after being duly sworn, deposes and says as follows:

I was one of the trial attorneys representing Daniel Angel Rodriguez in Case No. 17-CR-

20904-UU pending in the United States District Court for the Southern District of Florida.

Prior to Mr. Rodriguez' pleading guilty to the Court in an open plea on August 20, 2018,

Mr. Rodriguez advised me that he believed he would receive all of the credit for the time he

overspent in Case No. 94-CR-00402-JEM-1. Mr. Rodriguez stated to me that he would only accept

an open plea to the Court in his case because he had been told by the Federal Bureau of Prisons

that he would receive credit in this case for all the time he overserved on his prior case. I told him

to get a written document from BOP stating that and he did.

**FURTHER AFFIANT SAYETH NAUGHT**

ANA M. DAVIDE

**STATE OF FLORIDA** :
**COUNTY OF MIAMI-DADE :**

On this day, before me, an officer duly authorized to administer oaths and take
acknowledgments, personally appeared, **ANA M. DAVIDE**, who is personally known to me, and
after being duly sworn, she acknowledged that she is the person described in and who executed
the foregoing Affidavit, and that its contents are true and correct.

Witness my hand and official seal in the County and State last aforesaid this 27 day of
_____, 2020

**VIVIAN M. YORK**
MY COMMISSION # GG046005
EXPIRES November 08, 2020

Vivian M. York
Notary Public - State of Florida

VIVIAN M. YORK
Printed Name of Notary Public

My commission expires:

(27)

## AFFIDAVIT DECLARATION UNDER 28 U.S.C 1746; 18 U.S.C 1621

I, DANNY ANGEL RODRIGUEZ, Prose Petitioner, under penalty of perjury do hereby swear and affirm that this filing is true and correct.

Prose Petitioner, as case exhibits prove, would have never plead guilty in Case No. 17-20904 had the Bureau of prisons not assured the over-served jail credits of 2,471 days derived from unconstitutional sentence in Case No. 94-00402.

Petitioner rejected a 12-year plea offer solely because it required the forfeit of the 2,471 days of assured jail credits (See case exhibits).

Petitioner in concert with family, and the assurance of counsel of a better sentence than the 12-year plea offer – reasoned that pleading guilty was a sound path considering the 2,471 days of over-served jail credits. The Bureau of Prisons already had assured Petitioner, otherwise petitioner would not have Plead guilty.

I swear or affirm under the penalty of perjury that the foregoing is true and correct under the United States laws pursuant to 28 U.S.C 1746; 18 U.S.C 1621.

Sept. 3, 2020

Prose Appellant
Danny Angel Rodriguez
Reg # 48128-004
U.S. Penitentiary Lee
Jonesville, VA. 24263

Date

( 28 )

# SWORN STATEMENT

I, FERNANDO RODRIGUEZ, hereby swear or affirm under penalty of perjury

within United State laws that my statement of facts herein are true and correct

pursuant to 28 U.S.C 1746 and 18 U.S.C 1621.

Prior to my son, DANNY A. RODRIGUEZ "change of plea", on 8/20/018, he was

assured by the bureau of prisons that the over-served jail credits from cause 94-

00402 would be applied to new cause case number 17-20904.

This assurance by the B.O.P was discussed in great detail with the family and

attorney, and was ultimately among the principle factors to plead guilty, despite

wanting to have a trial, believing that those jail credits would satisfy the sentencing

range represented by his attorney Ana Davide, resulting in him being released.


Fernando R. Rodriguez
13301 SW 96 Avenue.
Miami, FL. 33176


Sworn to and subscribed before me this _03_ day of _August_, 20_20_.
_____ Notary Public, State of Florida at Large.
_Fernando R. Rodriguez_ is / is not known personally to me
and did / did not take an oath. Type of identification produced: _Drivers Licens_

My commission expires: _03/31/2020_ (seal)

MEYLIN RODRIGUEZ
Notary Public · State of Florida
Commission # GG 974707
My Comm. Expires Mar 31, 2024
Bonded through National Notary Assn.

17

( 29 )

DANNY ANGEL RODRIGUEZ
REG. NO. 48128-004
USP LEE
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA  24263

June 27, 2022

Ms. Angela E. Noble
Clerk of Court
U.S. District Court
Southern District of Florida
Miami Division
400 North Miami Avenue
Miami, FL 33128

      RE:   *Rodriguez v. United States*
             Civil No. 1:22-cv-_____
             Crim No. 1:17-cr-20904-CMA-1

Dear Ms. Noble:

      Enclosed please find and accept for filing Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Appendices. Please submit these documents to the Court.

      Thank you for your assistance in this matter.

                                  Sincerely,

                                    DANNY ANGEL RODRIGUEZ
                                    Appearing *Pro Se*

*Encl. as noted*

Danny Rodriguez
48128-004
USP LEE
PO BOX 305
Jonesville VA
      24263



7021 2720 0001 2690 3806

  

U.S. POSTAGE PAID
FCM LG ENV
JONESVILLE, VA
24263
JUN 28, 22
AMOUNT
**$0.00**
R2305K138595-55

UNITED STATES
POSTAL SERVICE
1000        33128





Legal Mail.

Re: § 2255
Filing.


U.S.M.S.
INSPECTED
BY:

Ms.
      Cl
US D
South
Miam
400
Miam