UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22058-CIV-ALTONAGA/Reid

**DANIEL ANGEL RODRIGUEZ**,

    Movant,
v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## **ORDER**

**THIS CAUSE** came before the Court on United States Magistrate Judge Lisette M. Reid's Report and Recommendation ("Report"), filed on November 22, 2024 [ECF No. 95]. On June 27, 2022, Movant, Danny Angel Rodriguez filed a Motion under 28 U.S.C. [section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1], challenging the constitutionality of his federal conviction and sentence in case number 17-cr-20904, based on ineffective assistance of trial counsel. After an evidentiary hearing (*see* [ECF Nos. 85, 86]), the Magistrate Judge issued her Report, recommending the Court grant thes Motion. (*See* Report 2, 23).[1] Respondent filed Objections [ECF No. 99], to which Movant filed a Response [ECF No. 100].

After reviewing the record, the parties' written submissions, the Magistrate Judge's Report, and being otherwise fully advised, the undersigned agrees with the Report's analysis and recommendation, and the Magistrate Judge's conclusions. For the following reasons, the Report is adopted, and Respondent's Objections are overruled.

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 22-22058-CIV-ALTONAGA/Reid

## I. BACKGROUND

***Movant's 1994 Case.*** Movant was first indicted in 1994 for pistol-whipping, robbing, and beating a Judge of the Southern District of Florida. (*See United States v. Rodriguez*, No. 94-cr-402, Indictment [ECF No. 1] filed Aug. 5, 1994 (S.D. Fla. 2023)). The then-acting Chief Judge entered an order recusing the entire District from Movant's criminal case. (*See id.*, Order of Recusal [ECF No. 7] filed Aug. 11, 1994). Movant's case was re-assigned to Judge Robert B. Propst of the Northern District of Alabama, who held court in the Southern District of Florida for Movant's prosecution. (*See id.*, Notice [ECF No. 13] filed Aug. 22, 1994). Movant was convicted by a jury and sentenced[2] (*see id.*, J. [ECF No. 140] filed Apr. 21, 1995); in mid-2016, following an unopposed section 2255 motion to vacate, Movant was released from federal prison.[3]

***The Underlying Criminal Case.*** According to Movant's factual proffer, Movant participated in a drug trafficking organization that sold and distributed an analogue schedule I synthetic cannabinoid ("ADB-FUBINACA") to federal inmates throughout the United States from October 2016 until February 9, 2018. (*See* Factual Proffer [CR ECF No. 166] 1–2, 1 n.1).[4] To introduce the drug into various detention facilities, Movant and co-conspirators inserted ADB-FUBINACA into papers disguised as legal documents and obituary notices mailed to inmates. (*See*

---

[2] At the time, Movant was in state custody awaiting the disposition of state criminal cases. (*See Rodriguez v. Copenhaver*, 823 F.3d 1238, 1240 (9th Cir. 2016)). The Bureau of Prisons took custody of Movant, who requested credit *nunc pro tunc* for his time spent in state custody. (*See id.*). Seeking the court's position on whether Movant should receive credit for that time, the Bureau sent a letter to the Southern District of Florida instead of the Northern District of Alabama. (*See id.* at 1241). The Bureau denied Movant's request after the Southern District of Florida's then-Chief Judge disapproved the shortening of Movant's sentence. (*See id.*). Upon review of Movant's section 2241 habeas petition filed in the Eastern District of California, the Ninth Circuit found the Bureau erred in considering that response. (*See id.* at 1243).

[3] Movant's original sentence of 272-months' imprisonment was amended to 120 months. (*See United States v. Rodriguez*, No. 94-cr-402, Am. J. [ECF No. 201] filed June 27, 2016; *id.*, Order Adopting Report and Recommendations [ECF No. 202] 3, filed June 28, 2016).

[4] References to docket entries in Movant's criminal case, Case No. 17-20904-CR-ALTONAGA, are denoted with "CR ECF No."

2

*id.* 1–2). Movant was charged with 24 counts of possession with intent to distribute a controlled substance and money laundering, along with related conspiracy charges. (*See generally* Sup. Indictment [CR ECF No. 58]).

Movant filed several pretrial motions, including a motion to suppress narcotics discovered by law enforcement during a warehouse search. (*See* Mot. to Suppress [CR ECF No. 96]). That motion was denied. (*See* Aug. 22, 2018 Order [CR ECF No. 173] 1–2). On August 20, 2018, Movant pled guilty to all counts in the Superseding Indictment by an open and unconditional plea without a written agreement, represented by attorneys Ana Davide, Ramon A. Hernandez, and Arturo V. Hernandez. (*See* Change of Plea Hr'g Tr. [CR ECF No. 184] 3:21–25, 14:19–21). Movant later sought to withdraw his plea through a series of motions before his sentencing; in relevant part, Movant filed a motion to recuse all Southern District of Florida Judges, relying on the recusal order in his 1994 case. (*See* Mot. for Recusal [CR ECF No. 280] 1). That motion, too, was denied. (*See* Mar. 6, 2019 Order [CR ECF No. 291] 6).

On June 24, 2019, Movant was sentenced to 400-months' imprisonment. (*See* J. [CR ECF No. 471] 4). Movant appealed his conviction and sentence, challenging in part the denials of his suppression and recusal motions. (*See generally* Notice of Appeal [CR ECF Nos. 597, 601]; *see also* Mandate [CR ECF No. 705] 7–9). The Eleventh Circuit affirmed, explaining Movant had waived his right to appeal the denial of his pretrial motions when he entered an open and unconditional guilty plea. (*See* Mandate 7–9).

**Movant's Section 2255 Motion.** On July 5, 2022, Movant filed the present section 2255 Motion to Vacate, claiming ineffective assistance of counsel and seeking to withdraw his guilty plea in the underlying case. (*See* Mot. to Vacate 13–27, 35). Movant alleged Davide erroneously

3

advised him that he could appeal the denial of certain pretrial motions after entering an open guilty plea. (*See id.* 14–15). Movant attached Davide's affidavit, wherein she swore:

> I was one of the trial attorneys representing Daniel Angel Rodriguez in Case No. 17-CR-20904-UU pending in the United States District Court for the Southern District of Florida. At the time Mr. Rodriguez took the plea, I advised him as legal counsel that he would be able to appeal all the issues regarding his case, including all pretrial motions. There was never a discussion as to whether or not the plea was conditional or non-conditional, but it was clear to Mr. Rodriguez, the prosecutor, myself, and the court that all pretrial issues decided against Mr. Rodriguez would be permitted to be appealed to the appellate court.

(*Id.*, Ex. A 37). The Court denied the Motion without an evidentiary hearing. (*See* Dec. 27, 2022 Order [ECF No. 26] 1, 22–23).

The Eleventh Circuit reversed. *See Rodriguez v. United States*, No. 23-10502, 2024 WL 1794146, at *2–3 (11th Cir. Apr. 25, 2024). The Eleventh Circuit construed the Motion as asserting Movant would not have entered an open guilty plea but for Davide's deficient advice and ordered an evidentiary hearing on that claim. (*See id.* at *2). On remand [ECF No. 64], the Court referred the case to Magistrate Judge Reid to hold an evidentiary hearing limited to the issue of "whether Movant's counsel was ineffective for advising him that his guilty plea would not waive his right to appeal the denial of his pretrial motions." (June 18, 2024 Order [ECF No. 65] 1).

***Evidentiary Hearing***. The Magistrate Judge held a two-day evidentiary hearing and received testimony from Movant; his pretrial attorneys — Davide, R. Hernandez, Phillip Reizenstein, and A. Hernandez; and Cristina Maxwell, the Assistant United States Attorney who prosecuted Movant's case. The Magistrate Judge determined that Movant's counsel rendered deficient performance, and Movant was prejudiced as a result. (*See* Report 15–23).

## II. LEGAL STANDARDS

***Standard of Review***. When a magistrate judge's findings or recommendations have been properly objected to, district courts must review the objected-to findings or recommendations *de*

*novo*. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and *the specific basis for objection*." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (alterations adopted; emphasis added; quotation marks omitted; quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). In other words, an objection is entitled to *de novo* review only if it articulates a legal basis for the objection; merely reasserting a motion "without any reference to the magistrate judge's order or its findings [i]s insufficient to convey to the district court the substance of any objection[.]" *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (alterations added; citation omitted). In the absence of timely, specific objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted).

A district judge may not reject a magistrate judge's credibility determinations before hearing disputed testimony. *See United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001). "Rejecting credibility findings made by a magistrate judge without holding a new hearing is permissible *only* when there is an 'articulable basis for rejecting the magistrate[] [judge's] original resolution of credibility.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2007) (emphasis in original; alterations added; quoting *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)).

**Ineffective Assistance of Counsel**. The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). This right applies to

5

defendants deciding whether to plead guilty. *See Lee v. United States*, 582 U.S. 137, 363 (2017). When assessing counsel's performance, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both that (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." *Id.* at 687.

To establish deficient performance, a movant must show "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690); *see also Harrington v. Richter*, 562 U.S. 86, 104 (2011) ("To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness." (citation and quotation marks omitted)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690 (alterations added). The Court's review of counsel's performance should focus "not [on] what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (alterations added; footnote call number omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

To establish prejudice, a movant attacking his guilty plea must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (citations and quotation

6

marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### III. DISCUSSION

The Magistrate Judge determined Movant was prejudiced by constitutionally defective advice. (*See* Report 23). Challenging the Report under both elements of ineffective assistance of counsel, Respondent raises seven[5] objections to the Magistrate Judge's credibility and factual findings, arguing that she (1) improperly credited Davide's sworn affidavit; (2) incorrectly found an attorney representing Movant provided deficient advice; (3) incorrectly found Movant was concerned over appealing the denial of his recusal motion; (4) failed to account for Movant's motion to withdraw his plea as the best evidence for the issues important to Movant when he pled guilty; (5) failed to account for R. Hernandez's November 20, 2018 letter to Movant that omitted reference to Movant's desire to appeal; (6) improperly cited Movant's August 12, 2018 email to Davide as evidence of his pre-plea desire to appeal the denial of his pretrial motions; and (7) improperly discounted the relevance of Movant's plea negotiations and prospects for an early release. (*See generally* Objs.). The Court addresses each objection below.

---

[5] The Court addresses two threshold issues. First, Respondent's factual background section neither challenges specific portions of the Report; nor does it mention what facts, in any, were excluded from the Magistrate Judge's analysis. Thus, Respondent's general recitation of facts and testimony from the evidentiary hearing will not, in and of itself, trigger *de novo* review. *See Macort v. Prem, Inc.*, No. 03-cv-1710, 2006 WL 8430041, at *4 (M.D. Fla. Apr. 13, 2006) (finding *de novo* review unwarranted where, within the defendant's first-listed objection, the defendant did "not set forth any specific objections" and "merely recited the background of this case"), *aff'd*, 208 F. App'x at 784–85 (agreeing with the district court that defendant did "not specifically object to anything in the report and recommendation" in the first-listed objection and, thus, did not trigger *de novo* review).

Second, even in Respondent's Argument section, Respondent does not list item-for-item explanations for its objections to any of the Magistrate Judge's findings; rather, Respondent objects to her conclusion that Movant proved ineffective assistance of counsel. (*See* Objs. 9–16). The Court has distilled from Respondent's arguments these seven objections to the Magistrate Judge's factual findings and credibility assessments.

### A. *Strickland* Prong One: Deficient Performance

Respondent contends the evidence is insufficient to conclude Movant received erroneous advice. Here, Respondent lodges two objections: one as to the Magistrate Judge's assessment of Davide's credibility, and the other as to the Magistrate Judge's finding that an attorney misadvised Movant. (*See* Objs. 11–13).

***Davide's Affidavit.*** In her affidavit, Davide swore that, "At the time Mr. Rodriguez took the plea, I advised him as his legal counsel that he would be able to appeal all the issues regarding his case, including pretrial motions." (Mot. to Vacate, Ex. A 37). She emphasized that it was "clear" to the Court, the prosecutor, Ramon Rodriguez, and herself that Movant would be able to appeal all pretrial issues decided in the Government's favor. (*Id.*). Respondent asserts the affidavit is untrustworthy because Davide partially reneged on her statement, as she testified that she may have acquiesced to R. Hernandez's deficient advice rather than affirmatively misadvising Movant herself. (*See* Objs. 11–13). She further admitted to not reviewing the record in advance, which Respondent states was "reckless and irresponsible." (*Id.* 11).

The Magistrate Judge noted Davide disavowed part of her affidavit, but only "insofar as she had not discussed the pretrial appeal issue with the court." (Report 18 (citation omitted)). After reviewing the evidence, Davide reaffirmed at the hearing that Movant was incorrectly advised "that he would be able to appeal all issues regarding his case, including pretrial motions[;]" the Magistrate Judge found her statement consistent with in-court testimony and contemporaneous documents. (*Id.* 19 (alteration added; citation omitted)). Davide's disavowal of a portion of her affidavit thus signaled "credibility" rather than "dishonesty." (*Id.* 18–19). There is no "articulable basis[,]" *Cofield*, 272 F.3d at 1306 (alteration added; quotation marks and citations omitted), for

8

rejecting the Magistrate Judge's resolution of Davide's credibility (*see generally* Ev. Hr'g T. [ECF Nos. 93–94]).

***Joint Deficient Advice.*** The Magistrate Judge determined she did not need to decide exactly who was mistaken about Movant not waiving his appellate rights; rather, it was enough that "[a]n attorney representing [Movant], whether it was Ms. Davide or Mr. [R.] Hernandez, provided deficient advice to their client[.]" (Report 20 (alterations added; emphasis in original)). According to Respondent, this conclusion underscores the insufficiency of Movant's evidence. (*See* Objs. 13). Respondent argues inconsistent testimony fails to show whether anyone misadvised Movant, highlighting Davide's equivocation as to whether she acquiesced to R. Hernandez or affirmatively misadvised Movant herself. (*See id.* 11–13).

Respondent does not explain why the Magistrate Judge's finding that an attorney misadvised Movant is insufficient to find deficient performance. In any event, the Magistrate Judge's factual findings are enough to establish Davide's own conduct fell below constitutional standards. The Court briefly explains.

Davide *herself* personally discussed with Movant his desire to appeal the denial of pretrial motions the morning of his change-of-plea hearing.[6] (*See* Report 19). These discussions bled into the courtroom, where Movant's preservation of his appellate rights was "the only thing . . . still outstanding" before he entered his guilty plea. (Resp. 6 (alteration added; quotation marks and citation omitted)). Davide admitted in her affidavit that she misadvised Movant. (*See* Report 18–

---

[6] This interaction is corroborated by text messages in which Davide asked R. Hernandez for legal clarification on Movant's appellate rights before the change-of-plea hearing. (*See* Report 19). Davide testified she texted R. Hernandez because Movant "wanted to appeal, said that [R. Hernandez] said he could appeal, and" at first, she "didn't agree" Movant could appeal. (Resp. 6 (alteration added; quotation marks and citation omitted); *see* Objs. 12). R. Hernandez replied he had done "the research[,]" and Movant could "appeal everything." (Report 8 (alteration added; quotation marks citation omitted)).

19). Davide also testified she, along with R. Hernandez, "represented to [Movant] that he could appeal everything." (*Id.* 19 (alteration added; quotation marks and citation omitted)).

Movant separately testified that "Davide advised him that he would not be waiving any appellate rights by entering into the unconditional plea." (*Id.* 12 (citation omitted)). Immediately before he entered his guilty plea, Davide further neglected to warn Movant of his waiver of all non-jurisdictional matters. (*See id.* 19). Consequently, she "failed to give [Movant] material advice" to inform his decision, *Burt*, 571 U.S. at 23 (alteration added; citation omitted)); amounting to a "serious dereliction[]" of her duty to counsel Movant in advance of his plea, *Stano v. Dugger*, 921 F.2d 1125, 1150–51 (11th Cir. 1991) (alteration added; quotation marks and citations omitted).

Upon review of the record *de novo*, the Court agrees with the Magistrate Judge's conclusion that Movant's counsel rendered deficient performance. (*See generally* Ev. Hr'g T. [ECF Nos. 93–94]). Further, as the Court has accepted the Magistrate Judge's credibility findings, it denies Respondent's request, raised in its Objections, to rehear testimony. (*See* Objs. 1 n.1); *Cofield*, 272 F.3d at 1305 (stating that "a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings" (citing *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980))).

### B. *Strickland* Prong Two: Prejudice

Turning to *Strickland*'s second prong, Respondent insists Movant was not prejudiced by deficient advice. From five directions, Respondent objects to the Magistrate Judge's finding that Movant entered an open guilty plea to preserve his right to appeal the denial of any of his pretrial motions. On each ground, the Court disagrees.

***Motion to Recuse.***  Respondent submits Movant was unconcerned with appealing the denial of his recusal motion when he entered his guilty plea, as he "did not know of the recusal issue until after the change of plea." (Objs. 14). According to Respondent, Davide revealed at Movant's February 5, 2019 post-plea status conference that she had "just been made aware of the recusal issue." (*Id.*).  Five days later, Movant filed his recusal motion.  (*See id.*).

The Magistrate Judge clarified Davide had not "just been made aware" at the status conference of the 1994 recusal order in Movant's first case; rather, Davide first learned at that conference of the Ninth Circuit's decision in Movant's habeas proceeding.  (*See* Report 17–18). The Magistrate Judge further credited Davide's testimony that Davide discussed the issue of recusal "at all times[,]" including before Movant entered his guilty plea.  (*Id.* 18 (alteration added; citation omitted)).

***Motion to Withdraw Plea***.  Next, Respondent insists Movant's motion to withdraw his plea is the "best evidence as to what was on Movant's mind" when he entered his guilty plea.  (Objs. 14 (citation omitted)).  It asserts that preservation of the right to appeal was unimportant to Movant because he never raised the issue "anywhere" in that motion, filed over eight months after the guilty plea.  (*Id.*).  Respondent fails to persuade.

The omission is explained by Movant's continued belief that he had not waived the right to appeal the denial of his pretrial motions.  (*See* Resp. 20).  In any event, as Respondent acknowledges, the motion to withdraw the plea highlights Movant's concern over the issue of recusal, which the Court has already determined was contemplated in advance of Movant's guilty plea. (*See* Objs. 14).  Moreover, the considerable delay between Movant's plea and the motion's filing renders the time lapse uninformative as to Movant's state of mind at his change-of-plea

hearing. The Magistrate Judge makes no mention of the motion, and the Court likewise finds it unenlightening.

***R. Hernandez's Letter***. R. Hernandez's letter to Movant, sent on November 20, 2018, appears to have been drafted in response to Movant's "concerns" with how his case was "being handled" by counsel in advance of his sentencing hearing. (Notice of Filing Exs., Gov.'s Ex. 12 [ECF No. 89-14] Nov. 20, 2024 Letter by Ramon Hernandez 1). The letter is irrelevant to Movant's understanding when he entered his guilty plea.

***Movant's E-mail***. As evidence of Movant's pre-plea desire to appeal the denial of his pretrial motions, the Magistrate Judge considered Movant's August 12, 2018 e-mail to Davide. (*See* Report 21). That e-mail, the Magistrate Judge found, listed one of Movant's "expressed wishes" as appealing the denial of his motion to suppress. (*Id.* (quotation marks and citation omitted)). Respondent disputes this finding by pointing to Davide's earlier e-mail to Movant, wherein Davide explained rulings on Movant's various pretrial issues were irrelevant if Movant decided to plead guilty. (*See* Objs. 15). In Respondent's estimation, Movant could not have later desired to appeal the denial of his pretrial motions after Davide's explanation. (*See id.*). Yet, the Magistrate Judge found Davide "was referring to a plea deal, not the entry of an open plea as [Movant] opted for." (Report 20 (alteration added; citation omitted)).

Movant faced waiver of any challenge to the pretrial, non-jurisdictional rulings in his case, regardless of whether he planned for an unconditional plea or a written agreement with an appellate waiver. *Cf. United States v. Faison*, No. 23-12352, 2024 WL 3595502, at *1 (11th Cir. July 31, 2024) (explaining the only way a defendant can "preserve appellate review of a non-jurisdictional defect" while pleading guilty is "by entering a conditional guilty plea" under Federal Rule of Civil Procedure 11(a)(2) (alteration adopted; citation and quotation marks omitted)). What matters here

12

is whether Davide misadvised Movant specifically as to the risks of pleading unconditionally. At the time of her email, Movant was set to sign a written plea agreement. (*See* Report 20). Therefore, her e-mail is of no consequence as to Movant's eventual, unconditional, plea.

Next, the Court addresses Respondent's argument that it was "of no moment" whether "Movant wanted to appeal, or even thought he could appeal[.]" (Objs. 15 (alteration added)). Not so. "[W]hen a defendant enters an unconditional guilty plea based on the 'reasonable (but mistaken) belief' that [he has] preserved an issue for appellate review, [his] plea is, 'as a matter of law, not knowing and voluntary.'" *Faison*, 2024 WL 3595502, at *1 (alterations added; quoting *United States v. Pierre*, 120 F.3d 1153, 1156 (11th Cir. 1997)). True, "[i]t is what [Movant] was advised by his counsel that would entitle him to relief." (Objs. 15 (alterations added; emphasis omitted)). But "courts . . . 'look to . . . a defendant's *expressed preferences*'" to examine whether, "but for [an] attorney's deficient advice[,]" the defendant "would not have pled guilty." *Rodriguez*, 2024 WL 1794146, at *1 (alterations and emphasis added; quoting *Lee*, 582 U.S. at 369).

To summarize, Movant's e-mail to Davide reflects his persistent intention to appeal the denial of his suppression motion before he pled guilty. (*See* Report 21). Movant's e-mail asking Reizenstein whether he would lose his appellate rights if he pled "straight up to the judge" — *just two days* before his change-of-plea hearing, is additional persuasive evidence of Movant's focus on preserving his right to appeal. (Resp. 11 (citation and quotation marks omitted)). Movant's sustained wish to appeal, combined with his flawed understanding of his appellate rights, strike at the core of whether his plea was knowingly and voluntarily entered.

***Plea Negotiations***.  Respondent objects to the Magistrate Judge's dismissal of Movant's plea negotiations in finding he entered an open plea to appeal his pretrial motions. (*See* Objs. 15–16). Davide's exchanges with the prosecutor, Respondent claims, show Movant entered an open

13

plea for the "substantial" benefit of a sentence reduction. (*Id.* 15). The Magistrate Judge soundly rejected this argument. She recognized "the recusal and suppression motions were not the only issues on [Movant's] mind at the time of his plea." (Report 22 (alteration added; citation omitted)). Notably, the Eleventh Circuit felt similarly. *See Rodriguez*, 2024 WL 1794146, at *2 (noting "the record contains ample evidence of other considerations which impacted [Movant's] decision to plead guilty" (alteration added)).

Movant's anticipation of a reduced sentence does not "affirmatively contradict[] his claim that the advice about his ability to raise pretrial motions on appeal was a but-for cause of his guilty plea." (Report 22 (alteration added; quotation marks omitted; quoting *Rodriguez*, 2024 WL 1794146, at *2). For instance, Respondent suggests had Movant signed a written plea agreement, "the prosecutor would have required him to forgo" the various credits Movant received toward his sentence. (Objs. 15). An open plea, however, "was not required to preserve" those benefits. (Resp. 21). Conversely, the evidence shows Movant at least speculated an open plea *was* required to preserve his right to appeal pretrial motions.[7] In any event, there can be more than one but-for cause for taking a plea, as multiple witnesses testified.

## IV. CONCLUSION

To summarize, Movant has established he was prejudiced by his counsels' constitutionally deficient advice when he entered an open and unconditional guilty plea in his criminal case.

---

[7] For example, two days before Movant pled guilty, he sought clarity on his appellate rights from Philip Reizenstein, asking him, "you mean (plea agreements) HAVE appeal clauses. While pleading straight up to the judge doesn't?" (Hearing Exs., Mov.'s Ex. 4 [ECF No. 91-4] Aug. 18, 2018 E-mail by Daniel Rodriguez 1). Movant then expressed he had been "gun-ho about trial"; when faced with pleading guilty, however, he was "left looking down a different barrel" but, notably, could "at least . . . be able to reargue the warehouse" — presumably referencing denial of his suppression motion. (*Id.* (alterations added)). Considering Movant took an open guilty plea just two days later, his e-mail to Mr. Reizenstein suggests that the absence of an appeal clause in an open plea informed his belief regarding the effect of a plea on a challenge to the warehouse search and other pretrial issues on appeal.

CASE NO. 22-22058-CIV-ALTONAGA/Reid

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 95]** is **ACCEPTED AND ADOPTED**.

2. Respondent's Objections **[ECF No. 99]** are **OVERRULED**.

3. Movant, Daniel Angel Rodriguez's Motion under 28 U.S.C. [section] 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 1] is **GRANTED** as to his claim of ineffective assistance of counsel. Movant may withdraw his plea and proceed to trial in his criminal case, case number 17-cr-20904.[8] Final judgment in this case shall issue separately.

**DONE AND ORDERED** in Miami, Florida, this 7th day of January, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Magistrate Judge Lisette M. Reid

---

[8] The Court will enter a scheduling order in the underlying criminal case and set the case for trial.